# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES E. FERGUSON,**

    **Plaintiff,**

  **v.**                                            **Case No. 18-CV-1238**

**STATE OF GEORGIA, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION SCREENING COMPLAINT

On August 10, 2018, Charles E. Ferguson filed a *pro se* complaint against the State of Georgia, P.J., Criag Schwall, Fulton County Superior Court, and N. Welch. (Docket # 1.) Ferguson entitles his complaint as "racial discrimination" and "conspiracy between State and Ku Kluk Clan [sic]: Falsified [APD] Police Report(s) to illegally forfeit blks property $1,000,000 fire arms antiques $24,000." This matter comes before me on Ferguson's motion to proceed without prepaying the filing fee. (Docket # 4.) From the financial affidavit Ferguson has given the court, I conclude that he is unable to pay the fees and costs of starting this lawsuit. Thus, I will grant Ferguson's motion to proceed without prepaying the filing fee. However, because Ferguson's complaint fails to state a claim on which relief may be granted, I recommend that Ferguson's complaint be dismissed without prejudice.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To

authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**ANALYSIS**

In his declaration, Ferguson states that he is not married and has no dependents. (Docket # 4 at 1.) He owns no property of value except his SSI in a bank account. (*Id.* at 3-4.) Ferguson states that his only income is $833.00 in SSI benefits and that he has approximately $520.00 in monthly

expenses. (*Id.* at 2-3.) Based on the information provided, I am satisfied that Ferguson is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Ferguson's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Ferguson is a frequent filer in this district, having filed fifteen cases over the years. Ferguson's pending complaint is difficult to follow, however, it appears that he is alleging that in November 2005, he was arrested in Atlanta, Georgia by Officer Nelson Welch, who was a "certified Ku Kluck Clan [sic] member of the Welch law enforcement family of South Carolina and furthered into and around Atlanta, Ga." (Docket # 1 at 1.) Ferguson alleges that Officer Welch saw one of Ferguson's antique guns lying on a table with cocaine and testified before the Fulton County Grand Jury that he saw Ferguson with a weapon and cocaine. (*Id.*)

Ferguson alleges that he was charged and detained for two years, however, his case was ultimately dismissed based on a speedy trial violation. (*Id.*) Ferguson further alleges that Judge Schwall denied him the right to represent himself and appointed Welch's brother to represent Ferguson to cover up fraud. (*Id.* at 2.) Ferguson alleges that antique firearms and money belonging to him were never returned after his case was dismissed. (*Id.*)

In performing my analysis of whether Ferguson has failed to state a claim, I must give his *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construing his complaint, I do not find that Ferguson has stated a cognizable claim. Ferguson seemingly alleges

a conspiracy between Officer Welch, the prosecutor, and the judge to deprive him of his antique firearms and money; however, the exact purpose of the conspiracy is unclear.

Thus, I find that Ferguson's allegations border on fantasy and can be dismissed on that basis alone. *See Taylor v. Rockford Police Dep't*, 165 F.3d 33 (7th Cir. 1998) (upholding dismissal of complaint as frivolous when "most if not all" of the allegations the plaintiff included described 'fantastic or delusional scenarios' that are factually frivolous"); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

Beyond the frivolous nature of Ferguson's complaint, it is also likely time barred. Lawsuits brought under § 1983 are governed by the statute of limitations for personal injury in the state where the injury occurred. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Georgia's statute of limitations for personal injury is two years. Ga. Code Ann. § 9-3-33. Ferguson alleges this injury occurred in 2005, or at the latest, in 2007. (Docket # 1 at 1-2.) For these reasons, I recommend the complaint be dismissed.[1]

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 4) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Ferguson's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 31st day of August, 2018.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge