UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,

    Plaintiff,

v.                                                          Case No. 18-cv-1238-pp

STATE OF GEORGIA, *et al.*,

    Defendants.

---

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 7), OVERRULING PLAINTIFF'S OBJECTION (DKT. NO. 8) AND DISMISSING CASE**

---

**I.**     **Background**

On August 10, 2018, the plaintiff, who is representing himself, filed a complaint against the State of Georgia, "P.J.," Craig Schwall, Fulton County Superior Court, and N. Welch. Dkt. No. 1. The plaintiff also filed an "affidavit of Financial Status," dkt. no. 2, and a motion asking the court to allow him to proceed without prepaying the filing fee, dkt. no. 4. On August 31, 2018, Judge Joseph granted the plaintiff's motion to proceed without prepaying the filing fee, but recommended that this court dismiss the case because the plaintiff had not stated a claim for which a federal court could grant relief. Dkt. No. 7. The court adopts that recommendation, and dismisses the case.

## II. Discussion

    A. <u>Judge Joseph's Report and Recommendation (Dkt. No. 7)</u>

Judge Joseph began by noting that the plaintiff is a prolific filer in this district, "having filed fifteen cases over the years." Dkt. No. 7 at 3. She commented that the plaintiff's complaint was difficult to follow, but that he appeared to challenge a November 2005 incident where an officer, who was a "certified Ku Kluck Clan [sic] member of the Welch law enforcement family of South Carolina," arrested the plaintiff. <u>Id.</u> (quoting dkt. no. 1 at 1). The plaintiff alleged that defendant Welch—apparently a police officer in Atlanta, Georgia—stated in police reports and swore before a grand jury in Fulton County, Georgia that he'd seen the plaintiff's antique guns on the table along with powdered cocaine. Dkt. No. 1 at 1. The defendant was charged in state court, his antique guns were forfeited and he was detained in the Fulton County Jail for two years before being released on Speedy Trial grounds. <u>Id.</u> at 1-2. The plaintiff alleged that the charges filed against him were false and that the state should have returned the two guns (which he valued at $1,000,000) and $24,000 in currency that was seized from him. <u>Id.</u> at 2. For relief, he asked for return of "Three firearms seized by P.O., and 24 thousand dollars, plus Interest, and to be Compensated for time spent imprisoned for a crime(2) THAT HE DID NOT COMMIT." <u>Id.</u>

After acknowledging that the law requires judges to give *pro se* complaints a liberal construction, Judge Joseph concluded that even if she liberally construed the complaint, the plaintiff had not stated a cognizable

2

claim. Dkt. No. 7 at 3. She commented that the plaintiff's complaint appeared to allege "a conspiracy between Officer Welch, the prosecutor, and the judge to deprive him of his antique firearms and money; however, the exact purpose of the conspiracy is unclear." Id. at 3-4. Judge Joseph concluded that the plaintiff's allegations "border[ed] on fantasy and [could] be dismissed on that basis alone." Id. at 4 (citing Taylor v. Rockford Police Dep't., 165 F.3d 33 (7th Cir. 1998); Gladney v. Pendleton Corr. Facility, 302 F.3d 773 (7th Cir. 2002)). She also noted that the plaintiff's claims, brought under 42 U.S.C. §1983, were likely time barred because Georgia's statute of limitation for personal injury is two years. Id. (citing Ga. Code Ann. §9-3-33). For these reasons, Judge Joseph recommended that this court dismiss the complaint.

B. Objections to Report and Recommendation

On September 11, 2018, the court received from the plaintiff a one-paragraph objection to Judge Joseph's recommendation. Dkt. No. 8. The objection cited that the plaintiff had not consented to the authority of "P.J." under 28 U.S.C. §636(c)(1), and demanded "the Right to a more speedy decision of Defendant Court, recently notified of Perjury 2018." Id.

C. Analysis

Under Federal Rule of Civil Procedure 72(b)(3), if a party objects to a magistrate judge's recommendation, the district court must conduct a *de novo* review of any portion of the recommendation to which the party properly objected. Fed. R. Civ. P. 72(b)(3). The district court may "accept, reject, or

3

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

The plaintiff's objection does not address Judge Joseph's evaluation of his claims, her finding that he had not stated a claim for which a federal court could grant relief or her finding that the claims likely were time-barred. The objection says only that the plaintiff did not consent to the "Jurisdiction of P.J." Id. The court suspects that the plaintiff meant to say that he had not consented to Judge Joseph's authority to issue the final decision in his case. The court does not know whether that is true—judges are not able to view the consent forms filed by parties. But even if what the plaintiff says is true, and he did not consent to Judge Joseph's authority to issue a final decision in his case, that isn't what Judge Joseph did. She *recommended* that this court—an Article III, district court—issue the final decision in the plaintiff's case.

Congress has explicitly permitted magistrate judges to issue reports and recommendations to district court judges. Section 636(b)(1)(A) allows district judges to designate certain matters to magistrate judges for resolution. Although it is true that the statute says that a magistrate judge cannot issue a final ruling on a motion "to dismiss for failure to state a claim upon which relief can be granted," it allows a district court judge to "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)[.]" That is exactly what Judge Joseph did here—

4

she submitted her proposed findings of fact and recommended that this court dismiss the plaintiff's case for the reasons she provided.

The plaintiff cited 28 U.S.C. §636(c)(1) in support of his argument. That part of the statute allows a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter," "upon consent of the parties." 28 U.S.C. §636(c)(1). Subsection (c)(1), however, does not prohibit a district court judge from designating proceedings to a magistrate judge for a *report and recommendation*. The plaintiff's consent—or lack of consent—is irrelevant to this court's ability ask a magistrate judge to issue a report and recommendation on the plaintiff's case.

Because the plaintiff did not object to Judge Joseph's findings as to the merits of his claims, the court reviews the remainder of her recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Judge Joseph did not commit clear error in recommending that this court dismiss the complaint.

To the extent that the plaintiff challenges the events surrounding his arrest in Georgia, the plaintiff cannot pursue the lawsuit in this district. Section 1391 of Title 28 says that a plaintiff may file a civil case "(1) in a judicial district in which any defendant resides, if all defendants are residents in the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided

5

in this section, any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391. The defendants the plaintiff has sued don't live in Wisconsin, the events the plaintiff describes didn't happen in Wisconsin, and the defendants aren't subject to this court's personal jurisdiction.

When the court lacks venue, it may dismiss the case or transfer it to where it could have been filed. 28 U.S.C. §1406(a). In this case, there is no reason for the court to transfer the case to the Northern District of Georgia. As Judge Joseph noted, the events the plaintiff described occurred between 2005 and 2007. The statute of limitations for §1983 civil rights claims "is that which the State provides for personal-injury torts." <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. §9-3-33; <u>see also</u> <u>Williams v. City of Atlanta</u>, 794 F.2d 624, 626 (11th Cir. 1986). It is too late for the plaintiff to file these claims, even if he had filed them in the appropriate district. The court must dismiss the complaint, as Judge Joseph recommended.

### III. Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 7.

The court **OVERRULES** the plaintiff's objection. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED**. This order and the judgment to follow are final.

6

A dissatisfied party may appeal this court's decision to the Seventh Circuit Court of Appeals by filing a notice of appeal within thirty (30) days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend that deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Dated in Milwaukee, Wisconsin this 29th day of August, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**